IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON LEE THURBER,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    2:10-CV-1152<br>) |
| COMMISSIONER OF<br>SOCIAL SECURITY,<br>    Defendant. | )<br>)<br>)<br>) |

Memorandum and Order

Mitchell, M.J.:

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion will be denied, the defendant's motion will be granted and judgment will be entered accordingly.

On November 2, 2010, Gordon L. Thurber by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The instant application for Supplemental Security Income Benefits was filed on August 31, 2007 (R.127-133). On September 8, 2007, benefits were denied (R.75-82), and on November 7, 2007, the plaintiff requested a hearing (R.83). Pursuant to that request a hearing was held on September 11, 2009 (R.24-70). In a decision filed on December 8, 2009, an Administrative Law Judge denied benefits (R.6-19), and on February 3, 2010, the plaintiff requested reconsideration of that determination (R.5). On July 21, 2010, the Appeals Council affirmed the prior determination (R.1-3). The instant complaint was filed on November 2, 2010.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F. 3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

> the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

In addition, a person will be considered disabled if he/she is

> (a) ... permanently and totally disabled as defined under a State plan approved under title XIV or XVI of the Social Security Act, as in effect for October 1972; (b) ... received aid under the State plan ... for the month of December 1973 and for at least one month prior to July 1973; and (c) ... continue[s] to be disabled as defined under the State plan.

20 C.F.R. § 416.907.

A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:

> impairment [which] result[s] from anatomical, physiological, or psychological abnormalities which [are demonstrated] by medically acceptable clinical and laboratory diagnostic techniques.

For purposes of determining whether or not the plaintiff met the eligibility requirements, certain evidence was considered by the Commissioner.

At the hearing held on September 11, 2009, the plaintiff appeared with counsel (R.26) and testified that he was fifty-four years old, earned a G.E.D. and was receiving Welfare and medical assistance (R.31).

The plaintiff also testified that he experiences seizures a few times a week but has not had to go to the emergency room (R.33-34, 45); that as a result he falls frequently (R.51-54); that he also suffers from tinnitus (R.43); that he ceased abusing alcohol eight months earlier and marijuana two months earlier (R.32, 56); that he experiences confusion and memory lapses (R.39); that he gets along with people and attends to his personal needs (R.40-41) and that he takes mental health medication for his seizures and bipolar disorder (R.36-38).

At the hearing a vocational expert was called upon to testify (R.57-69). The witness was asked to assume an individual of the plaintiff's age, education with no relevant work

history and no physical limitations who could perform simple repetitive tasks without exposure to stress (R.57) and the witness responded that there were a large number of jobs such an individual could perform (R.58). However, the witness also testified that if such an individual had to absent himself from work frequently or be off task ten to fifteen percent of the work day, or would react inappropriately to supervision, or if he fell down frequently he could not be employed (R.58-60). The witness also testified that there were a large number of sedentary positions the presumed individual could perform which would be available even if the person had infrequent seizures (R.67-68).

In addition, certain other evidence was considered.

In a medical report of an evaluation conducted on March 30, 2007, a diagnosis of bilateral tinnitus secondary to associated bilateral symmetrical noise induced hearing loss which did not appear to bother the plaintiff was noted. The plaintiff was advised to try to preserve his hearing (R.182-186).

In a report of a mental residual capacity assessment completed on October 10, 2007 by Arlene Rattan, Ph.D., an affective bipolar disorder and alcohol dependency in partial remission was noted. The limitations imposed were considered either not significant or moderate. It was concluded that the plaintiff could meet the mental demands of competitive work on a sustained basis (R.191-207).

In a residual physical capacity evaluation completed on October 16, 2007, no limitations were noted. It was also observed that the plaintiff's seizure treatment was routine and conservative. The plaintiff's statements regarding his infirmity were determined to be only partially credible (R.208-213).

In medical reports covering the period from January 11, 2007 through August 8, 2008, Dr. Iris A. Brossard diagnosed non-epileptic seizures due to anxiety and alcoholism. Medication was recommended for the plaintiff's bipolar disorder (R.214-226).

The plaintiff was treated by Dr. Betty Jean Bardella between January 18, 2007 and December 1, 2008 and a history of chronic low back pain, anemia and tinnitus was noted (R.245-260).

The plaintiff was treated by Dr. Barbara Merovich between August 14, 2007 and April 15, 2009 for his seizures which were said to be of psychogenic origin (R.261-264).

The medical reports from Dr. Harshad Patel for the period form January 11, 2007 through September 10, 2009 contain a diagnosis of bipolar disorder and alcoholism. A persistent irrational fear, difficulty in maintaining social functioning, concentration, performance and pace, loss of interest in activities, sleep disturbance and decreased energy were noted (R.227-244, 265-274).

> Based on the evidence presented, the Commissioner determined:
>
> The claimant has filed two prior claims for concurrent Title II and Title XVI disability payments.[1]
>
> * * *
>
> The claimant has not engaged in substantial gainful activity since August 13, 2007, the application date.
>
> The claimant has the following severe impairments: affective mood disorder(s)...
>
> With respect to his history of seizure activity, the evidence does not establish that this condition is manifested to the degree of severity and/or frequency he alleges. Moreover, further work up

---

[1] As recently as June 10, 2010, this Court affirmed the denial benefits at 2:09-cv-717.

and evaluation of this condition has prompted treating specialists to conclude that his seizures are actually pseudoseizures related to anxiety/stress or history of substance abuse as opposed to true epileptiform activity given repeated electroencephalograms which have been within normal limits... This evidence further suggests the possibility of symptom exaggeration and/or malingering on the part of the claimant... he admitted that he was not always compliant with taking his seizure medication and that he was overall doing better with almost complete resolution of his associated headache pain. He readily admitted that his seizure activity was almost always related to episodes of depression/anxiety or increased stress... Dr. Brossard was of the opinion that continued maintenance on anti-seizure medication was unwarranted in light of all normal testing... Overall, Dr. Brossard noted that the claimant was doing relatively well and that he required no close supervision...

The claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listing 12.04...

In activities of daily living, the claimant has no more than "mild" restriction[s]...

In social functioning the claimant has not more than "moderate" difficulties...

With regard to concentration, persistence or pace, the claimant has no more than "moderate" difficulties...

As for episodes of decompensation, the claimant has experienced no such episodes of decompensation, which have been of extended duration...

After careful consideration of the entire record, the undersigned finds that the claimant has had, at all relevant times, the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: no operation of dangerous machinery and no exposure to loud machinery or dangerous heights; and mentally, is limited to simple, repetitive tasks, routine work processes and settings with no more than incidental interaction with the public...

> After careful consideration of the evidence, the undersigned finds that the clamant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. In short, the available evidence of record does not support the degree of symptoms severity and/or functional limitation described by the claimant.
>
> * * *
>
> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.
>
> * * *
>
> The claimant has not been under a disability ... since the date the application was filed (R. 9-19).

The record demonstrates that the plaintiff experiences occasional seizures of psychogenic rather than of somatic origin. Other than these seizures there are no impediments to his being gainfully employed. Rather, the record reflects that even at age fifty-four he has had little if any gainful employment. This clearly supports the suggestion of the Commissioner that he is a malingerer. We note that determinations of credibility rest with the Commissioner. Diaz v. Commissioner, 577 F.3d 500, 506 (3d Cir.2009). Finally, as recently as June 10, 2010, this Court affirmed the denial of benefits, a decision which invokes issue preclusion here. Del. River Port Auth. v. FOP, 290 F.3d 567 (3d Cir. 2002).

Summary judgment is appropriate where there are no material factual issues in dispute and the movant is entitled to judgment as a matter of law. Azur v. Chase, 601 F.3d 212 (3d Cir. 2010). In the instant case there are no material issues of fact in dispute; because the determination of the Commissioner is based on substantial evidence, and because of issue

7

preclusion, the plaintiff is not entitled to any relief here. For this reason, the plaintiff's motion for summary judgment will be denied; the defendant's motion for summary judgment will be granted, and the determination of the Commissioner will be affirmed.

ORDER

AND NOW, this 25th day of April, 2011, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that the plaintiff's Motion for Summary Judgment (Dkt.No.10 ) is DENIED;

IT IS FURTHER ORDERED that the defendant's Motion for Summary Judgment (Dkt.No. 13) is GRANTED,

AND IT IS FURTHER ORDERED that the decision of the Commissioner is affirmed.

                                      s/ Robert C. Mitchell
                                      United States Magistrate Judge